**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000602
15-FEB-2018
10:24 AM**

NO. CAAP-17-0000602

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DWIGHT J. VICENTE, Claimant-Appellant-Appellant,
v.
HILO MEDICAL INVESTORS, LTD.,
Employer-Appellee-Appellee,
and
AMERICAN HOME ASSURANCE COMPANY/AIG CLAIMS SERVICES,
Insurance Carrier-Appellee-Appellee,
and
JOHN MULLEN & COMPANY, INC.,
Insurance Adjuster-Appellee-Appellee.

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2015-259(H)(S) (DCD No. 1-87-00882))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that Claimant/
Appellant/Appellant Dwight J. Vicente (Vicente), pro se, appeals
from two August 1, 2017 interlocutory orders that the Labor and
Industrial Appeals Board[1] (LIRAB) entered in Vicente's appeal in
LIRAB Case No. 2015-259(H)(S) from the Director of the Department
of Labor and Industrial Relations' (Director) June 3, 2015
decision regarding Vincente's claim for further workers'
compensation benefits for a May 3, 1987 injury. We lack

---

[1] At all relevant times, the Labor and Industrial Relations Appeals
Board appears to have been composed of Chair Danny J. Vasconcellos, Member
Melanie S. Matsui and Member Marie C. Laderta.

appellate jurisdiction because the LIRAB has not yet entered an appealable final decision and order in the underlying case.

An aggrieved party may appeal a final decision and order by the LIRAB directly to the Hawai‘i Intermediate Court of Appeals pursuant to Hawaii Revised Statutes (HRS) § 386-88 (2015) and HRS § 91-14(a) (2012 & Supp. 2017). The appealability of a decision and order of the LIRAB is governed by HRS § 91-14(a). Bocalbos v. Kapiolani Med. Ctr., 89 Hawai‘i 436, 439, 974 P.2d 1026, 1029 (1999).

> For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Id. (citation and some internal quotation marks omitted). "[A]n order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawai‘i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted). But when a determination of a claimant's workers' compensation claim for benefits "has not been made[,] . . . the requisite degree of finality is lacking with respect to th[e] case[,]" and the appellate court lacks jurisdiction. Mitchell v. State Dep't of Educ., 77 Hawai‘i 305, 308, 884 P.2d 368, 371 (1994) (dismissing for lack of jurisdiction an appeal from a LIRAB decision that adjudicated some, but not all, compensation issues in a workers' compensation matter).

In the instant case, the two August 1, 2017 interlocutory orders do not finally determine the substantive issues in the underlying LIRAB case, and the matter is pending final disposition before the LIRAB. There do not appear to be any exceptions to the finality requirement that apply here. Absent an appealable final decision and order by the LIRAB on the substantive issues, Vicente's appeal is premature and we lack jurisdiction.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed.

DATED: Honolulu, Hawai'i, February 15, 2018.

Presiding Judge

Associate Judge

Associate Judge